REQUESTED BY: Dear Senator:
In your February 23, 1977 letter you requested on opinion with respect to the constitutionality of the proposed amendments to L.B. 466. We understand the amendments have been drafted to overcome the serious constitutional questions concerning the original bill.
The language of the amendments is somewhat confusing as to the determination of weekly retirement benefits of totally disabled state employees. For purposes of this response we assume it is intended such an employee would receive such benefits as the contributions to his account would produce or the minimum determined by these amendments, whichever is greater. It further appears that those who are receiving benefits based on the minimum would receive increases as the average wage level increases while others would not. The provisions would apply to all such employees now retired or who retire in the future.
Article III, Section 19, of the Nebraska Constitution prohibits the Legislature from granting additional compensation to public officers and employees after the services have been performed but permits the adjustment of retirement benefits for retired public officers and employees to reflect changes in the cost of living and wage levels that have occurred subsequent to the date of retirement.
It appears the above provision was intended to permit proportionate adjustments in retirement benefits to offset the effects of inflation. The Committee on Constitutional Revision of the Legislature said in its statement on L.B. 1414 proposing the amendment to Article III, Section 19, that:
 "LB 1414 would submit to the voters a constitutional amendment that would, if approved, permit the Legislature to adjust retirement benefits to retired public officers and employees periodically to reflect the changes that occur in the cost of living and wage levels being paid after an officer or employee retires. Because of inflation, retirement benefits that were intended to give an officer or employee a certain standard of living at the time he retired are no longer adequate for him to maintain that standard."
The proposed amendments to L.B. 466, however, would raise the minimum benefits for past service of some of the retired totally disabled state employees to twice the average wage in the state. Raising such benefits to twice the average wage would appear to increase benefits for past service beyond that which would be required to reflect changes in the cost of living or the wage level. In our opinion, this would be difficult to sustain against a constitutional challenge.
Another possible difficulty is whether the classification of employees who receive the increased benefits under the proposed amendments is class legislation in violation of Article III, Section 18, of the Nebraska Constitution. Whether the classification is reasonable depends on whether it rests on real differences in situation and circumstances of the class and whether the law operates uniformly on every member of the designated class. State v. Hall, 129 Neb. 669,262 N.W. 835; U.S. Cold Storage Corp. v. Stolinski,168 Neb. 513, 96 N.W.2d 408. In this situation it is questionable whether the classification could be sustained.
It may be difficult to show a reasonable basis for increasing benefits to state employees who retired as a result of disability but not those who retired at normal retirement age. It may be equally difficult to find a reasonable basis for increasing benefits to some of the totally disabled retired state employees but not those whose benefits exceed the minimum, particularly since the exception in Article III, Section 19, of the Constitution authorizes adjustments in retirement benefits retroactively only to reflect changes in the cost of living and wage levels. All retired employees would suffer the ravages of inflation and any distinction among them in granting these special benefits must be based on some reasonable distinction.
In conclusion, we believe L.B. 466 as proposed to be amended is constitutionally suspect and we would experience considerable difficulty sustaining its validity against a challenge in court.